Cunningham, Presiding Judge.
Appellee recovered judgment for personal injuries which, she received by falling over a mound of earth or dirt that had been placed, as she alleged, by the appellant, The Municipal Construction Company, at the intersection of Sixth avenue and Race street at a point in said intersection in a direct continuation of the sidewalk on Race street, and about midway between the curb of said Sixth avenue and the car track used by cars going towards the city.
From the evidence it appears that the plaintiff, about the hour of nine o’clock P. M., was proceeding south along the west side of Race street for the purpose of taking a street car at Sixth avenue, where that avenue and Race street intersect. At the intersection of said streets and between the curb and the car. track she alleges that she ran upon a pile of dirt, fell backward, and broke the large bone of her left leg just above the ankle. It was stipulated on the trial that the pile of dirt was about three feet high. Indeed, there were two piles of dirt, the first one of which plaintiff ran into, but passed over without serious mishap. "Whether the dirt was placed upon the sidewalk, or upon the parking area, and whether there were lights stationed at the place to warn pedestrians, and the responsibility of the construction company for placing the dirt where it was, are all matters in sharp conflict, and the findings of the jury on these material facts cannot be disturbed. (That it was the duty of the construction company, while prosecuting the work in which it was engaged, viz.: putting in curbing, to keep danger lights burning during the night, is not in dispute. Indeed, employes of the construction company called as witnesses, testified that it was their, the witnesses’, duty to see to it that such lights were set out and kept burning all night.
*129 We have discovered no prejudicial error in the rulings of the trial court on the introduction of testimony. Indeed, hut few objections were made while the evidence was being received. Error is assigned to the giving of certain instructions, which we do not deem it necessary to discuss, except perhaps as to instruction number 10, wherein the court instructed the jury that under certain conditions it might take into consideration:
“Also impairment of her earning capacity in the future, provided that you believe her earning capacity will be impaired.”
It will be observed that in the clause quoted from this instruction the court omitted the phrase, “from the evidence,” which appellants properly contend ought to have followed and modified the verb, “believe.” At the time this instruction was given, appellants made no effort whatever to call the court’s attention to this omission. Three distinct objections were made to this instruction, but none of them go to the omission of the qualifying phrase which appellants now insist renders the instruction fatally defective. We are unwilling, under this state of the record, to reverse the case and require a retrial of the issues.

Judgment Affirmed.